UNITED STATES COURT OF APPEALS
FOR THE
DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NCR CORPORATION,<br><br>　　*Petitioner,*<br><br>　　v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>　　*Respondent.* | Case No. 15-1230<br><br>Consolidated with Case No. 15-1248 |

### PETITIONER'S MOTION FOR LEAVE TO LODGE WITH THE COURT ITS POSITION STATEMENT TO THE NLRB, IN ADDITION TO THE RECORD ON APPEAL

On August 31, 2015, the National Labor Relations Board ("NLRB") filed with the Court an Index to Certified List ("Certified List"), constituting the entire contents of the NLRB's formal record in this case as specified in 29 CFR §102.115.[1] The documents listed also constitute the record on appeal. Fed. R. App. P. 30; Circuit Rule 30.

Petitioner, NCR Corporation ("Petitioner" or "Employer"), moves for an order granting it permission to lodge with the Court its August 22, 2014 position

---

[1] The Exhibits to the Brief in Support of Employer's Exceptions to the Regional Director's Report on Objections are not listed by the NLRB in the Certified List. However, as Exhibits to that Brief, which is included on the Certified List as an attachment to the Motion for Summary Judgment, they also are part of the Certified List.

statement to Jonathan Kreisberg, Regional Director for Region One of the NLRB in support of the Employer's Objections to the Conduct of the Election[2] in NLRB Case No. 01-RC-130289, which is related to the case under review. The position statement is not included in the Certified List, and as a result, is not considered part of the record, but is highly relevant to the issues on review and should be available to the merits panel in this matter. In support of its request, Petitioner states as follows:

1. As shown below, the position statement was before the Board in the proceedings before that agency. Several arguments made by the Employer in the position statement were referred to and paraphrased by the Regional Director in his Report on Objections dated September 9, 2014, and the statement is integrally related to an argument Petitioner made twice to the NLRB in the proceedings before that agency.

2. In its position statement, the Employer argued, among other things, that its objections should be sustained because the Regional Director's failure to

---

[2] The position statement is attached to this Motion as Exhibit A, for the Court's convenience in determining this application. In addition to the grounds set forth herein for lodging the position statement, the Employer contends the position statement should have been included by the Board in the record pursuant to NLRB Rules and Regulations 102.69(g)(1)(ii), which provides that, "in a proceeding pursuant to this section in which no hearing is held, the record shall consist of the objections to the conduct of the election…, any briefs or other legal memoranda submitted by the parties…"

count certain mail ballots caused possible voter disenfranchisement and negatively impacted the integrity of the election, in contravention of Board law.

3.  In his Report on Objections, however, the Regional Director, while referring to Petitioner's objections and summarizing and paraphrasing its position statement, failed to consider at all Petitioner's argument that the Region's failure to count certain mail ballots caused possible voter disenfranchisement and negatively impacted the integrity of the election, in contravention of Board law.  In fact, the Regional Director incorrectly summarized and conflated several contentions that were raised by Petitioner.

4.  In its Exceptions to the Regional Director's Report on Objections, Petitioner took issue with the Regional Director's "not considering or discussing at all one of the bases for the Employer's Objection – that the Regional Director's failure to count the seven ballots . . . possibly disenfranchised voters and negatively impacted the integrity of the election."  (Exceptions 46 and 47) Petitioner noted, in Section III.A. of its Brief in Support of Employer's Exceptions to the Regional Director's Report on Objections (page 19), that "[t]he Regional Director completely ignored the Employer's disenfranchisement argument . . ."

5.  On April 2, 2015, the NLRB issued its Decision and Certification of Representative.  The Board therein summarily adopted the Regional Director's

findings and recommendations, and therefore, also did not consider at all the Employer's disenfranchisement argument.

6. In paragraph 7 of its Reply to Notice to Show Cause and Response to General Counsel's Motion for Summary Judgment in the unfair labor practice case below, the Employer specifically referred to its position statement and arguments it had made in that statement in support of its objections. ("In its timely filed Objections to the Conduct of the Election and in its position statement in support of those objections, the Employer alleged . . . (3) [the failure to count certain ballots] caused possible voter disenfranchisement and negatively impacted the integrity of the election.") In paragraph 8 of its Reply, Petitioner noted that the Regional Director and the NLRB had erred in not considering or discussing at all its disenfranchisement argument. The Employer requested the Board "to review and consider this ground and reconsider its Decision and Certification of Representative".

7. In its July 13, 2015 Decision and Order, the NLRB granted the Motion for Summary Judgment without commenting on the Employer's request.

8. Petitioner intends to argue to this Court that the NLRB's failure to consider this argument was material error, and therefore, the Board's order subject to review is flawed and should be set aside.

9.	Counsel for the Board has indicated that the Board does not oppose the relief sought by Petitioner; however, the Board takes no position with respect to Petitioner's representations in this motion.

For the foregoing reasons, Petitioner requests that its motion be granted and its August 22, 2014 position statement referred to above and attached hereto be lodged with this Court to supplement the record on appeal.

                                        Respectfully submitted,

                                        **JACKSON LEWIS P.C.**

                                        By: /s/ Howard M. Bloom
                                             Howard M. Bloom (#44184)
                                             Jackson Lewis P.C.
                                             75 Park Plaza, 4th Floor
                                             Boston, MA  02116
                                             Phone: (617) 367-0025
                                             Facsimile: (617) 367-2155
                                             Email: bloomh@jacksonlewis.com

Dated:  September 30, 2015                *Counsel for NCR Corporation*

# **CERTIFICATE OF SERVICE**

I certify that on September 30, 2015, the foregoing *Petitioner's Motion for Leave to Lodge with the Court Its Position Statement to the NLRB, In Addition to the Record on Appeal* was filed with the Clerk of this Court using the CM/ECF system, which will send electronic notice of such filing to counsel of record for all parties.

/s/ Howard M. Bloom
Howard M. Bloom (#44184)
Jackson Lewis P.C.
75 Park Plaza, 4th Floor
Boston, MA  02116
Phone: (617) 367-0025
Facsimile: (617) 367-2155
Email: bloomh@jacksonlewis.com

*Counsel for NCR Corporation*